IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLIE BELL BULLOCK,**

    Plaintiff,

v.                                                        Civil Action No. **3:25CV126**

**DETECTIVE DAVID CUFFLEY,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Charlie Bell Bullock, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on July 18, 2025, the Court directed the plaintiff to file a Particularized Complaint. (ECF No. 11.) Bullock then filed a Particularized Complaint. (ECF No. 12.) The matter is before the Court for evaluation of Bullock's compliance with the Court's July 18, 2025, Memorandum Order and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The action will be DISMISSED for failure to state a claim and because it is legally frivolous and malicious.

### I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), and state a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (first citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002), then *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  PROCEDURAL HISTORY AND ALLEGATIONS

In January 2017, Bullock was convicted in the Circuit Court for the City of Richmond, Virginia, of being a felon in possession of a firearm, use of a firearm second offense, and malicious wounding. *See Bullock v. Cuffey*, No. 3:17CV95–HEH, 2019 WL 3130398, at *2 (E.D. Va. June 26, 2018) (citations omitted). In 2017, Bullock filed a § 1983 complaint in this Court arguing that a variety of individuals involved in securing his criminal conviction violated his rights. *See id.* The Court dismissed the action for failure to state a claim upon which relief may be granted, and as frivolous and malicious. Undeterred by the prior unfavorable opinion by this Court, Bullock has filed yet another action against many of the same defendants. (ECF No. 1.) By Memorandum Order entered on July 18, 2025, the Court directed Bullock to file a particularized complaint, and explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in

3

order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *Moreover, Plaintiff is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

> a.  At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:25CV126."
>
> b.  The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c.  The particularized pleading will supplant the prior complaints. This means that the particularized complaint will REPLACE any other complaint, and the Court will not consider any old complaint or supplement. The particularized pleading must stand or fall of its own accord so Plaintiff should include all facts and all legal claims that he wishes the Court to consider. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 11, at 1–3 (first emphasis added).)[2]

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the Particularized Complaint.

4

In his Particularized Complaint, Bullock wholly fails to comply with the Court's specific instructions. Instead of drafting his Particularized Complaint in the manner set forth above, Bullock decided to ignore the Court's orders and use his own format. Bullock did not include a first paragraph naming defendants, separately numbered paragraphs containing only facts, or separately captioned sections identifying the civil rights he believed that the defendants violated. Bullock also failed to include a prayer for relief.[3] Bullock's failure to comply with the specific orders of the Court warrants dismissal of the action. For this reason alone, the action can be dismissed.

Nevertheless, Bullock's Particularized Complaint also fails to state a claim upon which relief may be granted, and is frivolous and malicious. In sum, Bullock alleges as follows:

> 1. Rick Edwards; Chief of Police: Under his supervision as Chief of Police my due process under the 14th Amendment was violated, due to the police misconduct. He had direct knowledge of the misconduct and did nothing to stop his officers' actions. The actions of these officers led to a wrongful conviction, violating my constitutional rights. So therefore, he is named as a defendant.
> 2. Colette Wallace McEachin; Head Prosecutor: Under her supervision as head prosecutor, my due process under the 14th Amendment was violated by Assistant Commonwealth Attorney Edward K. Nickel. She had direct knowledge of the misconduct and did nothing to stop it. The actions of this Assistant Prosecutor violated my 6th Amendment and my 14th Amendment, which led [to] a wrongful conviction. So therefore, she is being named as a defendant.
> 3. Detective David Cuffley; Richmond Police Department. Falsifying evidence, tampering with evidence, perjury, police misconduct, which violated my due process rights under the 14th Amendment, which led to a wrongful conviction. So therefore, he is being named as a defendant.
> 4. Johnathan [sic] O'Connor; Public Defender: He was my trial lawyer. He conspired with the prosecutor, judge, detective, to help them convict me. He didn't defend me at all, he gave them my case. He didn't object to pictures, he didn't object to the allege[d] victim not testifying, which led me to being wrongfully convicted which violated my 6th Amendment under right to effective assistance of counsel under the United States Constitution. He also violated my 14th Amendment under due process of the United States Constitution. Therefore, he is being named as a defendant. He forced me to testify.

---

[3] In his original Complaint, his prayer for relief included his "release from prison," declaratory and injunctive relief, and damages. (ECF No. 1, at 17–18.)

       5. Detective Sgt. Richard G. Edwards;[4] Richmond Police Department. Falsifying evidence and lying during his investigative report which violated my due process right under the 14th Amendment of the United States Constitution. So, therefore he is being named as a defendant.

       6. Judge Joi Jeter Taylor; Judge in John Marshall Court Building. She conspired with the detective, prosecutor, my lawyer, to convict me. She allowed evidence, false evidence, she did not give me a fair trial. She acted outside the color of law, taking away her [sic], she allowed a trial knowing the allege[d] victim refused to testify, violating my 14th Amendment of the United States Constitution on purpose. So therefore, she is being named a defendant. She also violated my 13th Amendment of the United States Constitution.

       7. Edward K. Nickel; Assistant Commonwealth Attorney. He presented false evidence, he knew the allege[d] victim refused to testify during my trial, he intentionally violated my 6th Amendment under confrontation clause, and my 14th Amendment under due process of the United States Constitution. He also conspired with Judge Joi Jeter Taylor, Johathan O'Connor, Detective Cuffley to convict me because of my past and not the facts of this case. He also acted outside [of] the color of law, suppressing the facts to fit his narrative of what happened. So therefore, he is named as a defendant.

       8. Brent Allen Jackson; Attorney at Law: On October 15, 2015, at my preliminary hearing, I was held in the bullpen while they was having my hearing, and I never waived my right to be at my hearing, violating my 14th Amendment under due process of the United States Constitution. My charge[] was non[] processed on this day, however, I was held in custody from October 15th, 2015 to November 19, 2015, on no charges, violating my 14th Amendment, and also violating my 6th Amendment right, ineffective assistance of counsel, withdrawing off my case, and keeping $5.500 of the $6.000 that I paid him. So therefore, he is named as a defendant.

       9. Dr. Johathan Isaacs; VCU Medical Center. He lied about the surgery he performed on the allege[d] victim['s] wounds, to fit the narrative of the prosecutor's theory, committing fraud and perjury under oath violating my due process right under the 14th Amendment of the United States Constitution. So therefore, he is named as a defendant.

(ECF No. 12, at 1–3.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Bullock's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996)

---

[4] Bullock lists Rick Edwards, Chief of Police, and Detective Sgt. Richard G. Edwards as two separate defendants in his complaint. It is possible that this is the same person, but because it is unclear, the Court will address this as two different individuals.

(emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Bullock's Particularized Complaint will be dismissed for failure to state a claim and as legally frivolous and malicious.

### A. Prosecutorial Immunity

Bullock faults defendants Edward K. Nickel and Assistant Commonwealth's Attorney Collette Wallace McEachin, the "head" prosecutor, for their involvement in his criminal prosecution. As explained previously with respect to Nickel, prosecutors are immune from suit in claims for monetary damages. *See Bullock*, 2019 WL 3130398, at *3. Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Bullock complains that Nickel "presented false evidence" and violated his Sixth Amendment rights under the confrontation clause because the victim did not testify. (ECF No. 12, at 3.) Bullock faults McEachin because she was the head of the office and knew about Nickel's actions. Once again, Bullock fails to allege that Nickel's actions were taken outside of his role as advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial

7

immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). To the extent that McEachin was personally involved in his prosecution, the same holds true. Therefore, Bullock's claims for damages against Nickel and McEachin will be DISMISSED for failure to state a claim and as legally frivolous.

      **B.    Taylor is Entitled to Judicial Immunity**

Bullock faults defendant Judge Joi Jeter Taylor for her role in presiding over his criminal trial. As explained to Bullock previously, *see Bullock*, 2019 WL 3130398, at *2–3, judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither exception applies in this instance.

Bullock fails to allege facts that plausibly suggest that Taylor's actions during his trial these were nonjudicial actions or were taken in complete absence of all jurisdiction. Thus, Taylor is entitled to absolute immunity. Bullock's claim against Taylor will be DISMISSED for failure to state a claim and legally frivolous.

8

### C. Jackson and O'Connor are Not Amenable to Suit Under § 1983

Bullock faults defendants Brent Jackson, a retained defense attorney, and Jonathan O'Connor, a public defender, for various perceived errors in his criminal proceedings. The Court has already rejected similar claims against these two defendants. *See Bullock*, 2018 WL 3130398, at *3. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Bullock's claims against Jackson and O'Connor will be DISMISSED for failure to state a claim and as legally frivolous.

### D. Bullock's Remaining Claims Are Barred by *Heck*

Bullock also names Rick Edwards, the Chief of Police ("Chief Edwards"), Detective David Cuffley, Detective Sgt. Richard G. Edwards ("Detective Sgt. Edwards"), and Dr. Jonathan Isaacs as defendants. Bullock claims that Cuffley falsified evidence, committed perjury, and engaged in misconduct "which led to a wrongful conviction" and that Detective Sgt. Edwards "falsif[ied] evidence." (ECF No. 12, at 1–2.) Bullock also faults Chief Edwards, as Chief of Police, for having "direct knowledge of the misconduct and [doing] nothing to stop his officers' actions." (*Id.*, at 2.) Bullock further contends that Dr. Isaacs committed perjury in his testimony about the victim's injuries. (*Id.*, at 3.) With respect to any non-monetary request for relief against Nickel and

9

McEachin, Bullock argues that Nickel "presented false evidence" and violated his Sixth Amendment rights under the confrontation clause because the victim did not testify, and that McEachin was aware of these alleged violations. (*Id.*)

Once again, Bullock clearly seeks the invalidation or vacation of his criminal conviction and sentence. The notion that Bullock may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence, "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

10

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Bullock clearly suggests that he was wrongfully convicted. As for relief, he asks for "release from prison." (ECF No. 1, at 17.) Bullock does not articulate, and the Court does not discern, how he could both (i) prevail on such claims and (ii) not invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 481–90; *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is the writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Bullock must demonstrate a successful challenge to his current conviction. *See Heck*, 512 U.S. at 487. Bullock has not alleged that the state court has invalidated his current convictions or sentence. *See id.* at 486–87. Thus, Bullock's claims challenging his alleged wrongful conviction are legally frivolous. *Wilkinson*, 544 U.S. at 81-82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release); *see also Waters v. Lake City Police Ofc. John Stewart*, No. 4:15–cv–04143–RBH–TER, 2016 WL 3876588, at *1 (D.S.C. July 18, 2016) (concluding *Heck* barred plaintiff's § 1983 claims that perjury resulted in his indictment and conviction). *Heck* similarly bars Bullock's claims against Chief Edwards, Cuffley, Detective Sgt. Edwards, Isaacs, Nickel, and McEachin. Accordingly, any remaining claim against Chief Edwards, Cuffley, Detective Sgt. Edwards, Isaacs, Nickel, and McEachin will be DISMISSED WITHOUT PREJUDICE as legally frivolous.

### E. Bullock's Action Is Malicious

As discussed previously, Bullock has already pursued a nearly identical suit against many of the defendants named in this action. That case was dismissed as malicious. *Bullock*, 2019 WL 3130398, at *5. In this action, Bullock again brings suit against those individuals involved in his state prosecution. The Court finds that Bullock fails to bring this action in good faith to vindicate his legal rights, but instead brings it maliciously to harass the police, prosecutors, judges, defense attorneys, and doctor involved in Bullock's state prosecution. Accordingly, this action will also be DISMISSED as malicious. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E.D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

### V. CONCLUSION

Bullock's claims barred by *Heck* will be DISMISSED WITHOUT PREJUDICE as legally frivolous. The remaining claims and the action will be DISMISSED for failure to state a claim, and as legally frivolous and malicious. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 18 September 2025
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge